909 F.2d 1486
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony C. KOVIC, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-3429.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 25, 1990.
Decided Aug. 9, 1990.
 
 Before WOOD, JR., CUDAHY and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Anthony Kovic appeals the district court's denial of his petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255. On February 26, 1981, Kovic was convicted of 17 counts of mail fraud in violation of 18 U.S.C. Sec. 1341, and one count of extortion in violation of the Hobbs Act, 18 U.S.C. Sec. 1951, based on his involvement in a scheme to submit over $600,000 in fraudulent bills to the Chicago Police Department for excessive repairs allegedly performed on damaged police department vehicles. We affirmed Kovic's conviction in United States v. Cavale, 688 F.2d 1098 (7th Cir.1982), cert. denied, 459 U.S. 1208 (1983).
 
 
 2
 Kovic has unsuccessfully challenged his convictions and sentence in the district court on two previous occasions; both of these rulings were affirmed on appeal. See United States v. Kovic, 740 F.2d 971 (7th Cir.1984) (unpublished order) (Fed.R.Crim.P. 35(b) motion); United States v. Kovic, 830 F.2d 680 (7th Cir.1987), cert. denied, 108 S.Ct. 778 (1988) (28 U.S.C. Sec. 2255 petition). In the present case, Kovic challenges his convictions and sentence based on McNally v. United States, 483 U.S. 350 (1987), in which the Supreme Court held that indictments and convictions for mail fraud may be premised only upon schemes to defraud involving tangible property rights. The district court, in its well-reasoned Memorandum Opinion and Order of December 2, 1988, rejected Kovic's arguments regarding McNally. Because the district court's order adequately addresses and properly disposes of all of the arguments Kovic raises on appeal, we adopt the reasoning set forth therein, see Appendix A, and affirm the denial of Kovic's section 2255 petition.
 
 APPENDIX A
 
 3
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 4
 UNITED STATES OF AMERICA, Plaintiff,
 
 
 5
 v.
 
 
 6
 ANTHONY C. KOVIC, Defendant.
 
 
 7
 No. 88 C 3669 (80 CR 499).
 
 MEMORANDUM OPINION AND ORDER
 
 8
 Before the court is defendant Anthony Kovic's motion, pursuant to 28 U.S.C. Sec. 2255, to vacate, set aside, or correct his sentence. Kovic's conviction was previously affirmed on direct appeal. See United States v. Cavale, 688 F.2d 1098 (7th Cir.1982), cert. denied, 459 U.S. 1208 (1983). His previous motions pursuant to Fed.R.Crim.P. 35(b) and Sec. 2255 were denied by the district court and those rulings were both affirmed by the Seventh Circuit. See United States v. Kovic, 740 F.2d 971 (7th Cir.1984) (unpublished order); United States v. Kovic, 830 F.2d 680 (7th Cir.1987), cert. denied, 108 S.Ct. 778 (1988). Defendant is presently serving time for both the conviction presently challenged and a prior conviction. The principal issue raised in the present motion involves the question of whether defendant was improperly convicted on charges of mail fraud based on an "intangible rights" theory. See generally McNally v. United States, 107 S.Ct. 2875 (1987). The intangible rights argument presented has not been previously raised by defendant. This is understandable since the argument is based on a recent Supreme Court case. See id. Since relief is not granted, the court can assume, without deciding, that the issue is properly raised at this time and on a Sec. 2255 motion and that it has not been waived in any manner. See Magnuson v. United States, No. 87-2802, slip op. at 2-3 (7th Cir. Nov. 8, 1988) (McNally issue can be applied retroactively in collateral attack on a conviction).
 
 
 9
 Defendant initially argued that both his indictment and the jury instructions improperly relied on an intangible rights theory. The government, however, located the jury instructions in the record and they show that the jury was only instructed on a "property rights" theory. Defendant now concedes that is true.[1] His argument now is that the indictment charged an intangible rights violation and that the trial judge acted improperly by instructing on a property rights theory not contained in the indictment.[2]
 
 
 10
 The mail fraud statute, 18 U.S.C. Sec. 1341, does not "reach[ ] schemes to deprive citizens of their 'intangible rights' to honest performance of public duties by government officials. ... The gist of McNally, as we read that case, is that the mail fraud statute was intended to reach only schemes to deprive innocent persons of their property rights." United States v. Wellman, 830 F.2d 1453, 1462 (7th Cir.1987). Defendant points to paragraph 6 of his original and superseding indictment which reads as follows:
 
 
 11
 6. Beginning in or about April, 1976, up to and including the date of the filing of this Indictment, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,
 
 
 12
 ANTHONY KOVIC,
 
 
 13
 ANTHONY PESHA,
 
 
 14
 MILES COLEMAN,
 
 RICHARD NAWROCKI, and
 RONALD CAVALE
 
 15
 defendants herein, and others to the grand jury known and unknown, devised and intended to devise a scheme and artifice to defraud the City of Chicago and its citizens and the Chicago Police Department and to obtain money and property by means of false and fraudulent pretenses and representations, and to defraud the City of Chicago and its citizens and the Chicago Police Department of:
 
 
 16
 a. The City of Chicago's right and the Chicago Police Department's right to have its business and affairs conducted honestly, impartially and free from fraud and deceit; and
 
 
 17
 b. The City of Chicago's right and the Chicago Police Department's right to the loyal, honest and disinterested services, decisions, actions, recommendations and performance of duties by defendants ANTHONY KOVIC, ANTHONY PESHA and MILES COLEMAN, in their capacities as employees of the Chicago Police Department, free from dishonesty and fraud;
 
 
 18
 And which scheme and artifice to defraud was in substance as follows:
 
 
 19
 The remainder of the indictment makes clear that the scheme to defraud was a scheme to have the City issue payments for purported repairs to police motor vehicles that were never performed and to overpay for repairs that were done. Kovic, who was chief of the Police Department Motor Maintenance Division, received a portion of these overpayments as did other defendants who were Police Department employees and owners of an automobile repair shop.
 
 
 20
 Kovic's indictments charge a "single scheme to defraud which had the dual effect of depriving the public of both tangible (money and property) and intangible (honest and faithful service) rights." United States v. Bonansinga, 855 F.2d 476, 478-79 (7th Cir.1988). See also Wellman, 830 F.2d at 1463. Thus, the court did not unilaterally amend the indictment by instructing on a property rights theory. A scheme to defraud the City of money and property was alleged in the indictment, the trial judge instructed the jury to that effect, and defendant was convicted on sufficient evidence to that effect. See Cavale, 688 F.2d at 1111. Kovic's conviction is not affected by the change in law announced in McNally. See Bonansinga, supra; Wellman, supra.
 
 
 21
 Defendant's argument that his conviction on the Hobbs Act count should be vacated since joined with 17 improper counts must fail in light of the rejection of his challenge to the 17 mail fraud counts. His claim that he had ineffective assistance of counsel in that his counsel failed to object to the jury being instructed on charges not alleged in the indictment must also fail in light of this court's rejection of the argument that the jury instructions were inconsistent with the indictment. See Kovic, 830 F.2d at 691-92. The indictment is not deficient as to the Hobbs Act count. To the extent Kovic seeks further consideration of issues raised and denied in his previous Rule 35 motion or Sec. 2255 motion, he has not provided a basis for granting further consideration. See Rules Governing Proceedings Under Sec. 2255 Rule 9(b).
 
 IT IS THEREFORE ORDERED that:
 
 22
 (1) The government's motion to expand the record is granted.
 
 
 23
 (2) The government's motion to strike portions of defendant's motion and brief is denied.
 
 
 24
 (3) Defendant's motion to retitle his "response" a "reply" is granted.
 
 
 25
 (4) Defendant's motion to amend his Sec. 2255 motion is granted.
 
 
 26
 (5) The Clerk of the Court is directed to enter a judgment denying defendant's motion to vacate, set aside or correct and reduce the sentence pursuant to 28 U.S.C. Sec. 2255.